**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **CAITLIN NOLL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **DEACONESS HOSPITAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Caitlin Noll ("Noll"), by counsel, brings this action against Defendant, Deaconess Hospital, Inc., ("Defendant"), for violating the Family & Medical Leave Act of 1993 ("FMLA"), as amended 29 U.S.C. §2601 *et seq*.

**II. PARTIES**

2. Noll is a resident of Vanderburgh County, Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4).

6. Noll was an "employee," as that term is defined by 29 U.S.C. §2611(3)

7. At all relevant times, Noll was an "eligible employee," as that term is defined by 29 U.S.C. §2611(2).

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of Indiana.

## IV. FACTUAL ALLEGATIONS

9. On or around December 6, 2021, Defendant hired Noll as part of its CARE Team.

10. At all relevant times, Noll met or exceeded Defendant's legitimate performance expectations.

11. Noll suffers from a serious health condition(s) for which she applied for and was granted intermittent FMLA. At all times relevant, Defendant was aware of Noll's serious health condition.

12. In or about October 2023, Defendant terminated Noll's employment for alleged performance issues and absenteeism. Noll appealed her termination and was reinstate in mid-December 2023.

13. In December 2023, the law changed regarding Noll's licensure and as such, she was going to be required to hold both a Kentucky and Indiana license. Originally, Noll was told she would need to obtain her Indiana license by January 1, 2024. However, Noll was granted a temporary license in Indiana that was good for a period of one year.

14. Despite this, in summer 2024, Noll was informed she had to obtain her full Indiana licensing by July 1, 2024. However, upon information and belief, other employees who had not used FMLA, including Jennifer Hancock, were not similarly required to meet this licensure requirement at the same time.

15. Noll sought a temporary license for the Commonwealth of Kentucky and was delayed in receiving it due to Defendant's failure to provide her with required documentation regarding her job duties.

16. Further, while employed, Deaconess subjected Noll to differential treatment than those who had not used FMLA leave, including issuing her undeserved discipline. On or about August 1, 2024, Noll was written up for alleged unsatisfactory performance. This followed Noll use of her intermittent FMLA just prior.

17. Defendant terminated Noll on or about August 29, 2024 for alleged performance issues. The reasons given for her termination are retaliation for her having utilized leave under the FMLA. Defendant interfered with Noll's rights under the FMLA and retaliated against her for her approved use of FMLA.

## V. <u>CAUSES OF ACTION</u>

### COUNT I: FMLA –INTERFERENCE & RETALIATION

18. Noll hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Noll exercised her approved FMLA-protected leave, and Defendant retaliated against Noll by using her leave as a negative factor in assessing her performance and continued employment and by terminating her employment.

20. Defendant unlawfully interfered with and retaliated against Noll for her use of leave that qualified for protection under the FMLA.

21. The Defendant's actions were intentional, willful, and reckless disregard of Noll's rights as protected by the FMLA.

22. Noll has suffered damage as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Caitlin Noll, respectfully requests that the Court enter judgment in her favor and award her the following relief:

1. Reinstate Noll's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions and/or payment to Noll of front pay in lieu thereof;

2. Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Award liquidated damages;

5. Award all costs and attorney's fees incurred as a result of bringing this action;

6. Award pre-and post-judgment interest on all sums recoverable; and

7. Award all legal and/or equitable relief the Court sees fit to grant.

Date: May 18, 2026

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Lauren E. Berger*___________________
Lauren E. Berger
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424.1000
Email: lberger@bdlegal.com

*Counsel for Plaintiff, Caitlin Noll*

**DEMAND FOR JURY TRIAL**

Plaintiff, Caitlin Noll, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Lauren E. Berger*____________________
Lauren E. Berger
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424.1000
Email: lberger@bdlegal.com

*Counsel for Plaintiff, Caitlin Noll*